UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIAN JUSTIN BAKER,

    Plaintiff,

v.                                                  Case No.  5:12-cv-67-Oc-10TBS

CITY OF TAVARES, FLORIDA, a political subdivision of the State of Florida; PAUL HARVEY, Detective of the Tavares Police Department; STONEY LUBINS, Chief of the Tavares Police Department,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed <u>In Forma Pauperis</u>.

    I.      Background

Plaintiff, Adrian Justin Baker, filed this action alleging various constitutional violations against the City of Tavares, Florida, Detective Paul Harvey, and Chief of Policy Stoney Lubins arising out of his arrest for tampering with a witness and unlawful use of a two-way communication device and the subsequent forfeiture of currency and his vehicle, both of which were seized incident to his arrest.  Plaintiff alleges that he was illegally detained, illegally searched and his property was illegally confiscated and forfeited in violation of the Fourth and Fourteenth Amendments.  Plaintiff seeks declaratory relief that his constitutional rights were violated and money damages in the sum of $500,000.

In his Complaint, Plaintiff alleges that he was arrested on June 14, 2011, by police officers of the Tavares Police Department.  He was searched for weapons, during which $1,563.61 was removed from his pocket and his cell phone and car keys were seized.  He alleges that at the behest of Detective Harvey his vehicle was seized.  Plaintiff avers that he was transported to the Lake County Jail where he was detained, again at the behest of Detective Harvey, for two hours while his Affidavit for Arrest was prepared.  He alleges that Detective Harvey ordered him held in jail for prosecution of the two felony charges.  On June 15, 2011, Plaintiff had his first appearance and was denied bond.  Forfeiture proceedings were initiated against Plaintiff for his vehicle and the seized currency and on July 21, 2011, Plaintiff was served a copy of the "Verified Petition for Forfeiture" which was signed by Chief Lubins.  On October 28, 2011, the State Attorney's Office "nolle prossed" the charges of tampering with a witness and unlawful use of a two-way communication device.  Plaintiff then filed a motion for return of the seized property.  The Circuit Court struck the motion at the request of the State Attorney because the seized property was subject to forfeiture proceedings set for hearing on December 6, 2011.  On December 2, 2011 Plaintiff filed a motion seeking to be present at the forfeiture hearing.  Plaintiff did not appear at the hearing because he was incarcerated.  On December 12, 2011, the Circuit Court Judge issued a "Final Order of Forfeiture" in favor of the City of Tavares.

II.     Discussion

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed in forma pauperis, the

Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff purports to assert claims under 42 U.S.C. § 1983, which "provides a cause of action for 'the deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" Gomez v. Toledo, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983). Plaintiff must clearly allege the basis of his §1983 claims against each of the Defendants.  As explained below, he has failed to do so.

Plaintiff has named the City of Tavares as a Defendant and appears to allege that the City is liable for the acts of Detective Harvey, Chief Lubins and other unidentified officers. However, governmental entities are not liable under §1983 on the basis of respondeat superior or vicarious liability. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Rather, they are liable when constitutional injuries suffered by a plaintiff are the direct result of the implementation of a custom or policy of the government. See Rocker v. City of Ocala, Fla., 2009 WL 4365226, *1 (11th Cir. December 3, 2009). In order to state a cause of action, Plaintiff must allege – which he has not done -- that the constitutional injuries he has suffered are the direct result of the implementation of a custom or policy of the City of Tavares.

Plaintiff also is suing Detective Harvey and Chief Lubins in their official capacities. When a §1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is actually against the governmental entity that the employees represent. Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990). In order to state a claim for relief under §1983 against a party in his official capacity, a plaintiff must demonstrate the violation of a constitutional right caused by the enforcement of a policy or custom of the municipality. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff has not alleged that Detective Harvey or Chief Lubins were enforcing a municipal policy or custom.

As for Plaintiff's claims against Detective Harvey and Chief Lubins in their individual capacities, Plaintiff has provided insufficient allegations to support his conclusory assertions that these individuals violated his rights under the Fourth and Fourteenth Amendments. Indeed, with respect to Detective Harvey, Plaintiff simply

4

alleges that at the "behest" of Detective Harvey his vehicle was seized and he was detained at the Lake County Jail for two hours until his Affidavit for Arrest was prepared and Detective Harvey subsequently requested that Plaintiff be held in jail without bond. Plaintiff alleges that Chief Lubins signed the Verified Petition for Forfeiture and that he had some involvement with the seizure of Plaintiff's vehicle.

While the Court is skeptical that Plaintiff can state a viable cause of action, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint.  Plaintiff must clearly state the legal theory or theories upon which he seeks relief and explain how each defendant is responsible.  In doing so, Plaintiff should include specific allegations as to how Detective Harvey and Chief Lubins violated his rights.  Plaintiff should carefully consider whether he can present allegations sufficient to state a cause of action under the relevant law as to the City of Tavares and Detective Harvey and Chief Lubins in their official capacities.

Accordingly, it is hereby ORDERED:

1. The Affidavit of Indigency (Doc. 2) is TAKEN UNDER ADVISEMENT.

2. Plaintiff shall have until April 20, 2012 to file an amended complaint.  The amended complaint shall comply with all of the pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida.[1]

---

[1] Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court.

3.  In lieu of filing an amended complaint, Plaintiff may opt to pay the appropriate filing fee.

4.  Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10(a).

5.  The Clerk of Court is DIRECTED to furnish Plaintiff with a copy of the Step-By-Step Guide to Filing a Civil Action in the United States District Court.

DONE AND ORDERED in Ocala, Florida on March 28, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copy to:

Pro se Plaintiff