UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADRIAN JUSTIN BAKER,

    Plaintiff,

v.                                                        Case No.  5:12-cv-67-Oc-34TBS

CITY OF TAVARES, FLORIDA, a political
subdivision of the State of Florida; PAUL
HARVEY, Detective of the Tavares Police
Department; STONEY LUBINS, Chief of the
Tavares Police Department ,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a Motion for Leave to Proceed In Forma Pauperis.  On March 28, 2012, the Court deferred ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis and directed Plaintiff to file an amended complaint on or before April 20, 2012.  See Doc. 5.  To date, Plaintiff has not filed an amended complaint and his time for doing so has passed.  For the reasons discussed below, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be DENIED and his Complaint (Doc. 1) be DISMISSED without prejudice.

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

I. BACKGROUND

Plaintiff, Adrian Justin Baker, filed this action alleging various constitutional violations against the City of Tavares, Florida, Detective Paul Harvey, and Chief of Policy Stoney Lubins arising out of his arrest for tampering with a witness and unlawful use of a two-way communication device and the subsequent forfeiture of his currency and vehicle, both of which were seized incident to his arrest. Plaintiff alleges that he was illegally detained, illegally searched and his property was illegally confiscated and forfeited in violation of the Fourth and Fourteenth Amendments. Plaintiff seeks declaratory relief that his constitutional rights were violated and $500,000 in money damages.

In his Complaint, Plaintiff alleges that he was arrested on June 14, 2011, by police officers of the Tavares Police Department. He was searched for weapons, during which $1,563.61 was removed from his pocket and his cell phone and car keys were seized. He alleges that at the behest of Detective Harvey, his vehicle was seized. Plaintiff says he was transported to the Lake County Jail where he was detained at the behest of Detective Harvey for two hours while his Affidavit for Arrest was prepared. He avers that Detective Harvey ordered him held in jail for prosecution of the two felony charges. On June 15, 2011, Plaintiff had his first court appearance and was denied bond. Forfeiture proceedings were initiated against Plaintiff for his vehicle and the seized currency, and on July 21, 2011, Plaintiff was served a copy of the "Verified Petition for Forfeiture" which was signed by Chief Lubins. On October 28, 2011, the State Attorney's Office "nolle prossed" the charges of tampering with a witness and unlawful use of a two-way communication device. Plaintiff then filed a motion for return

of the seized property. The Circuit Court struck the motion at the request of the State Attorney because the seized property was subject to forfeiture proceedings set for hearing on December 6, 2011. On December 2, 2011 Plaintiff filed a motion seeking to be present at the forfeiture hearing. Plaintiff did not appear at the hearing because he was incarcerated. On December 12, 2011, the Circuit Court issued a "Final Order of Forfeiture" in favor of the City of Tavares.

## II. DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted. Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief.[2] Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."

Viewing Plaintiff's complaint in the light most favorable to him, and liberally construing his allegations, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. As the Court explained in its March 28, 2012 Order

---

[2] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

(Doc. 5), Plaintiff has failed to assert claims against each of the Defendants under 42 U.S.C. § 1983.[3]

Plaintiff has named the City of Tavares as a Defendant in this action and appears to allege that the City of Tavares is liable for the acts of Detective Harvey, Chief Lubins and other unidentified officers. However, governmental entities are not liable under §1983 on the basis of respondeat superior or vicarious liability.[4] Rather, they are liable when constitutional injuries suffered by a Plaintiff are the direct result of the implementation of a custom or policy of the government.[5] In order to state a cause of action, Plaintiff must allege – which he has not done -- that the constitutional injuries he has suffered are the direct result of the implementation of a custom or policy of the City of Tavares.

Plaintiff purports to sue Detective Harvey and Chief Lubins in their official capacities. When a § 1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is actually against the governmental entity the employees represent.[6] In order to state a claim for relief under § 1983 against a party in his official capacity, a plaintiff must demonstrate the violation of a constitutional

---

[3] Section 1983 "provides a cause of action for ' the deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting ' under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" Gomez v. Toledo, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983).

[4] McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

[5] Rocker v. City of Ocala, Fla., 355 Fed.Appx. 312, WL 4365226, *1 (11th Cir. December 3, 2009).

[6] Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990).

right caused by the enforcement of a policy or custom of the municipality.[7] As discussed above, Plaintiff has not alleged that Detective Harvey or Chief Lubins were enforcing a municipal policy or custom.

As for Plaintiff's claims against Detective Harvey and Chief Lubins in their individual capacities, Plaintiff has provided insufficient allegations to support his conclusory assertions that these individuals violated his rights under the Fourth and Fourteenth Amendments. With respect to Detective Harvey, Plaintiff simply alleges that at the "behest" of Detective Harvey his vehicle was seized and he was detained at the Lake County Jail for two hours until his Affidavit for Arrest was prepared and Detective Harvey subsequently requested that Plaintiff be held in jail without bond. All Plaintiff alleges about Chief Lubins is that he signed the Verified Petition for Forfeiture and that he had some involvement with the seizure of Plaintiff's vehicle.

Although the Court was skeptical that Plaintiff could state a viable cause of action, on March 28, 2012, the Court provided Plaintiff with an opportunity to file an amended complaint. (Doc. 5). The Court directed Plaintiff to file the amended complaint by April 20, 2012, failing which the Court would recommend that this action be dismissed for failure to prosecute. Although the docket reflects that the Clerk sent the Court's March 28, 2012 Order to Plaintiff by mail, Plaintiff has failed to respond to the Court's Order and his time for doing so has passed. Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act

---

[7] McDowell, 392 F.3d at 1289.

sua sponte to dismiss an action based on a plaintiff's failure to prosecute[8] or his failure to comply with an order of the court.[9]

Plaintiff's Motion To Proceed In Forma Pauperis should be denied and his Complaint should be dismissed without prejudice because Plaintiff has failed to state a cause of action, failed to prosecute this action and failed to comply with the Court's March 28, 2012 Order.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully RECOMMENDED that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be DENIED, Plaintiff's Complaint be DISMISSED without prejudice and the Clerk be directed to close the file.

IN CHAMBERS in Ocala, Florida, on April 30, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    The Honorable Marcia Morales Howard
    United States District Judge

    Pro se Plaintiff

---

[8] See In re Mroz, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers, 501 U.S. at 43 (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32 (1812)); see also Clark v. James, 794 F.2d 595, 597 (11th Cir. 1986) (dismissing of civil action for want of prosecution).

[9] See Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983) (failing to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice).

6